IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES A. ZITO, III,** : | |
|     **Plaintiff** : | **No. 1:20-cv-02263** |
| : | |
| v. : | **(Judge Kane)** |
| : | **(Magistrate Judge Carlson)** |
| **DEUTSCHER QUARTET CLUB, et al.,** : | |
|     **Defendants** : | |

## ORDER

Before the Court in the above-captioned action is the December 8, 2020 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 5), recommending that the Court: (1) dismiss Plaintiff Charles A. Zito ("Plaintiff")'s complaint for failure to state a claim upon which relief may be granted; (2) deny Plaintiff leave to file an amended complaint in this Court; (3) and grant Plaintiff leave to refile his state law breach of contract action in the Court of Common Pleas of Dauphin County (id. at 13).[1]  No timely objections to the Report and Recommendation have been filed.

**ACCORDINGLY**, on this 3rd day of February 2021, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 5) of Magistrate Judge Carlson;

2. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** to his right to refile his state law breach of contract action in the Dauphin County Court and

---

[1] Magistrate Judge Carlson's Report and Recommendation acknowledges that before dismissing a complaint under the screening provisions of 28 U.S.C. § 1915, the Court must generally grant the plaintiff leave to amend his or her complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (Doc. No. 5 at 12-13.)   Here, leave to amend would be futile because "the factual and legal grounds proffered in support of the complaint make it clear that the plaintiff has no right to relief in federal court . . . ." (Doc. No. 5 at 12.)   As Judge Carlson notes, Plaintiff's breach-of-contract claims do not give rise to federal question jurisdiction, and Plaintiff cannot invoke diversity jurisdiction because Plaintiff and Defendants all reside in Pennsylvania.  (Id. at 11.)

**DISMISSED WITH PREJUDICE** to his right to file an amended complaint in this Court; and

3. The Clerk of Court is directed to **CLOSE** this case.

                                                          s/ Yvette Kane
                                                         Yvette Kane, District Judge
                                                         United States District Court
                                                         Middle District of Pennsylvania